**CALIFORNIA PORTLAND CEMENT COMPANY, Plaintiff-Appellee,**

v.

**Cecil D. ANDRUS, Secretary of the Department of the Interior, et al., Defendants-Appellants.**

No. 81–1249.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted July 13, 1981.

Decided Jan. 8, 1982.

Jerry Jackson, Atty., Appellate Section, Land and Natural Resources Div., U. S. Dept. of Justice, Washington, D. C. (Carol E. Dinkins, Asst. Atty. Gen., Dirk D. Snel and Margaret M. McMahon, Attys., U. S. Dept. of Justice, Washington, D. C., with him on the briefs), for defendants-appellants.

Robert P. Mallory, of Lawler, Felix & Hall, Los Angeles, Cal. (R. F. Outcault, Jr. and Steven J. Miller, of Lawler, Felix & Hall, Los Angeles, Cal., and Mitchell Melich, of Ray, Quinney & Nebeker, Salt Lake City, Utah, with him on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, McWILLIAMS, Circuit Judge, and BROWN,* District Judge.

SETH, Chief Judge.

The plaintiff had been assigned a coal lease issued to a predecessor in January 1935. The Bureau of Land Management sought to adjust the lease terms on a date about two and one-half years after its anniversary date. The anniversary dates for these purposes are the end of each twenty-year period following the date of the lease. The lease expressly gives the Department the right to adjust the terms, conditions, and royalties "at the end" of each twenty-year period. The plaintiff is mining coal on the lease.

The Interior Board of Land Appeals upheld the adjustment made by the Bureau of Land Management and the plaintiff filed this action in the trial court for review of the administrative action. The trial court on cross motions for summary judgment held that the adjustment came too late and was beyond the statutory authority of the Department. The Government has appealed.

Under the lease terms the plaintiff's lease was subject to readjustment on January 4, 1975, but it received no notice that readjustment would be made and no adjustment

* Honorable Wesley E. Brown, United States District Judge for the District of Kansas, sitting by designation.

was then made. As mentioned, the Department did not give notice nor seek to readjust the lease terms until August of 1977.

This case was consolidated with and presents the identical questions considered by this court in *Rosebud Coal Sales Co. v. Cecil D. Andrus, Secretary of Interior*, 667 F.2d 949 (10th Cir.). It concerns the same statute, regulations, and administrative action there taken. The lease terms are the same and the leases were issued pursuant to the same statutory authority. The *Rosebud* opinion determines this appeal and it need not be repeated here.

We must conclude that the Department acted beyond its statutory authority in attempting to readjust plaintiff's lease some two and one-half years after the anniversary date, and also in seeking to apply a retroactive regulation to accomplish such readjustment.

AFFIRMED.